**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| PAULINE ELDRIDGE, | Case No. 1:11-cv-723 |
| Plaintiff, | Spiegel, J. |
| | Bowman, M.J. |
| v. | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

Plaintiff Pauline Eldridge filed this Social Security appeal in order to challenge the Defendant's findings that she is not disabled. *See* 42 U.S.C. §405(g). Proceeding through counsel, Plaintiff presents three claims of error, all of which the Defendant disputes. As explained below, I conclude that the ALJ's finding of non-disability should be AFFIRMED, because it is supported by substantial evidence in the administrative record.

**I. Summary of Administrative Record**

In May 2007, Plaintiff filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) alleging a disability onset date of April 1, 2001 due to physical and mental impairments. (Tr. 137-148). After Plaintiff's claims were denied initially and upon reconsideration, she requested a hearing *de novo* before an Administrative Law Judge ("ALJ"). An evidentiary hearing, at which Plaintiff was represented by counsel, was held on June 24, 2010. (Tr. 23-43). A vocational expert,

Edward Pagella, was also present and testified.  On June 24, 2010, ALJ John Mondi denied Plaintiff's application in a written decision.  (Tr. 9-17).

The record on which the ALJ's decision was based reflects that Plaintiff was 56 years old at the time of the administrative hearing and had a tenth grade education.  (Tr. 137, 183).  Plaintiff had past relevant work as a packer and inspector.  (Tr. 38).

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "status post lumbar surgery with back pain; bilateral knee osteoarthritis; status post left knee surgery (2007); hypertension; hyperthyroidism; Type II diabetes; and affective and pain disorders." (Tr. 12).  The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1.  The ALJ determined that Plaintiff retains the following residual functional capacity ("RFC") to perform light work with the following limitations:

> She can lift and/or carry up to 20 pounds occasionally and 10 pounds frequently; standing and/or walking and/or sitting for a total of six hours in a normal 8-hour workday, subject to postural limitations against more than occasional stooping and crouching; a need to avoid exposure to extreme cold or heat; and "moderate" limitations in the abilities to understand, remember, and carry out detailed instructions; maintain attention concentration for extended periods; complete a normal workday and workweek without interruptions from psychologically based symptoms and perform at consistent pace without an unreasonable number and length of rest periods; and respond appropriately to changes in the work setting.

(Tr. 13).  Based upon the record as a whole including testimony from the vocational expert, and given Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff is able to perform her past relevant work as a packager.  (Tr.

2

16). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to DIB and/or SSI. *Id.*

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that: 1) the ALJ's RFC finding is not supported by substantial evidence; 2) the ALJ erred in weighing the opinion of Plaintiff's treating physician and 3) the ALJ failed to properly comply with SSR 76-7p in his evaluation of Plaintiff's credibility. Upon close analysis, I conclude that none of the asserted errors require reversal or remand.

**II. Analysis**

**A. Judicial Standard of Review**

To be eligible for benefits, a claimant must be under a "disability" within the definition of the Social Security Act. *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal

3

quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion . . . . The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

4

A plaintiff bears the ultimate burden to prove by sufficient evidence that he or she is entitled to disability benefits.  20 C.F.R. § 404.1512(a).  A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, he or she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him or her unable to perform any job in the national economy.  42 U.S.C. § 423(d)(1)(A).

**B.  Specific Errors**.

*1.  Weight to the Treating Physician*

Plaintiff's first assignment of error asserts that that ALJ failed to properly evaluate the opinion of Dr. Khan, her treating physician.  Specifically, Plaintiff asserts that the ALJ failed to address all the limitations provided by Dr. Kahn in her November 2008 assessment of Plaintiff's functional limitations.  As such, Plaintiff contends that the ALJ's failure to fully address Dr. Kahn's assessment prevents the Court from engaging in meaningful review of the ALJ's decision, thereby requiring remand.  Plaintiff also argues that the ALJ failed to consider the requite factors in his evaluation of Dr. Kahn's opinion.

On November 24, 2008, Dr. Khan completed a Basic Medical Form at the request of the Butler County Department of Job and Family Services.  (Tr. 500-501). Dr. Khan reported that Plaintiff had the following medical conditions: DM-II; hyperlipidemia; Back pain dating back to 2001; lifelong depression; hypothyroidism; GERD; and, bilateral knee pain.  (Tr. 500).  Dr. Khan stated that Plaintiff could lift/carry 6-10 lbs and also indicted Plaintiff had marked limitations with respect to push/pulling. *Id.*  She further found that Plaintiff had moderate limitations with respect to bending and

5

handling. *Id.* Ultimately, she opined that Plaintiff was unemployable for a period of 12 months or longer. *Id.* She indicated that her opinion was made "per patient." (Tr. 480).

In evaluating the opinion evidence the ALJ stated:

The opinion of Dr. Kahn on November 28, 2008 that the claimant can only sit/stand/walk a total of 10 minutes in an 8-hour workday is given minimal weight since not supported by the record as a whole, including the primary care physician's treatment notes.

(Tr. 16).

In evaluating the opinion evidence, "[t]he ALJ 'must' give a treating source opinion controlling weight if the treating source opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and is 'not inconsistent with the other substantial evidence in [the] case record.'" *Blakley v. Commissioner Of Social Sec.,* 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Wilson* v. *Commissioner,* 378 F.3d 541, 544 (6th Cir. 2004). A finding by the ALJ that a treating physician's opinion is not consistent with the other substantial evidence in the case record "means only that the opinion is not entitled to 'controlling weight,' *not that the opinion should be rejected.*" Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *4 (emphasis added). "Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927." *Blakley*, 581 F.3d at 408. These factors include the length, nature and extent of the treatment relationship and the frequency of examination. 20 C.F.R. § 404.1527(d)(2)(i)(ii); 416.927(d)(2)(i)(ii); *Wilson*, 378 F.3d at 544. In addition, the ALJ must consider the medical specialty of the source, how well-supported by evidence the opinion is, how consistent the opinion is with the

6

record as a whole, and other factors which tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(d)(3)-(6), 416.927(d)(3)-(6); *Wilson v. Commissioner,* 378 F.3d 541, 544 (6th Cir. 2004).

Contrary to Plaintiff's assertion, the ALJ's decision indicates that he properly considered Dr. Kahn's November 2008 report in accordance with agency regulations and controlling law. Here, the decision makes clear that the ALJ reviewed and analyzed the opinion. Notably, as explained in more detail below, the ALJ clearly indicates that he considered records from Dr. Kahn, Plaintiff's family physician from January 2007 to January 2009. (Tr. 15). With respect to Dr. Kahn's 2008 assessment, the ALJ states that her opinion that Plaintiff "can only sit/stand/walk a total of 10 minutes in an 8-hour workday is given minimal weight since it is not supported by the objective evidence, including Dr. Kahn's own treatment notes." (Tr. 16). The ALJ did not err in failing to list every limitation outlined by Dr. Kahn. See *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507-08, 2006 WL 305648, *8-9 (6th Cir. Feb. 9, 2006) ("It is well settled that 'an ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") *See also Headen v. Astrue*, 2011 WL 356796 (S.D. Ohio July 22, 2011) (Bowman, MJ) ("the ALJ's failure to provide a more detailed summary of the treatment notes from [the treating doctor's] office does not mean that the ALJ disregarded his records").

Furthermore, Dr. Kahn's extreme limitations were inconsistent with other substantial evidence of record, including her own treatment notes. As noted by the ALJ, Dr. Kahn's records through August 2009 show that Plaintiff was seen for typical

7

ailments, such as allergies, cough and cold symptoms, medication management and blood work for hypothyroidism and high cholesterol and Type II diabetes. (Tr. 15, 317-363, 411-454, 504-25, 581-90). Dr. Kahn also prescribed pain medication for Plaintiff complaints of back pain from June to August 2007 and from May to September 2008. (Tr. 15). As noted by the ALJ, the objective medical evidence, such as the 2008 MRIs of her lumbar spine and x-rays of her back and knees revealed mild and/or normal findings. (Tr. 15, 555-57, 559). The ALJ also noted that records from Orthopedic and Sports Medical Consultants indicate that Plaintiff was "doing very well" following her knee surgery in 2007. (Tr. 14, 457). Finally, the ALJ considered evidence of Plaintiff's activities of daily living which clearly contradict Dr. Khan's extreme functional limitations (*i.e.* Plaintiff could only sit and stand/walk for ten minutes each in an eight hour period). (Tr. 11-13, 16).

Additionally, Plaintiff does not argue that the ALJ should have afforded Dr. Kahn's opinion deference. Notably, other than asserting that the ALJ failed to mention every limitation outlined by Dr. Kahn, Plaintiff fails to develop this argument in any meaningful way. The Court has no obligation to search the record to develop and support the arguments of the parties. *See Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir.2006). Rather, the Court's review is limited to the specific issues the parties raise. *Id.* Plaintiff's conclusory and unsupported allegations fail to identify or sufficiently explain whether the record contains evidence that is inconsistent with the ALJ's findings.

8

Thus, As Dr. Kahn's findings were not supported by objective evidence and were inconsistent with the record evidence as a whole; the ALJ properly discounted her findings. See Cutlip, 25 F.3d at 287. Accordingly, the ALJ's decision is substantially supported in this regard and should not be disturbed.

2. *RFC Assessment*

Plaintiff's second assignment of error asserts that the ALJ's RFC assessment is not supported by substantial evidence. As noted above, to determine whether Plaintiff is entitled to benefits, Plaintiff must meet two requirements. First, Plaintiff must establish that she suffers from a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve (12) months. Second, Plaintiff must show that her impairments prevent her from obtaining substantial gainful employment. 42 U.S.C. §§ 423(d)(1)(A), (2)(A), 1382c(a)(3)(A), (3)(B). Plaintiff's RFC is a measure of her capabilities despite the limitations created by her impairments and is used in the assessment of her claims. 20 C.F.R. §§ 404.1545. Social Security Ruling 96–8p requires that the ALJ's RFC assessment "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

In the present case, the ALJ determined that Plaintiff was capable of performing a range of light work. Plaintiff asserts, however, that in making such a determination, the ALJ improperly relied on state agency medical consultants who did not review a

9

complete record. Namely, Plaintiff asserts that the state agency physicians did not review the following record evidence:

- July 31, 2008 MRI's of the lumbar and thoracic spine (Tr. 555-557)

- Records from Dr. Cowden concerning treatment of conditions affecting the bilateral feet and left ankle. (Tr. 574-77)

- Basic Medical Form completed by Dr. Khan on November 24, 2008 (Tr. 500-501).

- January 9, 2010 MRI of the left ankle (Tr. 560-561)

- February 2010 Kinder procedure left foot operative report (Tr. 578-579)

Plaintiff asserts that such evidence contradicts a finding that she was able to stand/walk about 6 hours in an 8-hour work day. Contrary to Plaintiff's contention, the undersigned finds the ALJ's RFC assessment to be substantially supported.

The ALJ's decision clearly indicates that he considered evidence after the state agency physicians rendered their opinions in July 2007 in accordance with *Blakely*. The ALJ considered treatment record and opinions from January 2007 through January 2010 from Dr. Kahn, Plaintiff's treating physician. (Tr. 15). He considered evidence relating to Plaintiff's knee surgery in November 2007, namely that she post-operatively reported "doing very well." (Tr. 14). The ALJ also noted emergency room records from December 28, 2009, wherein Plaintiff was treated for bronchitis, and bug bites, and chest x-rays were negative for pulmonary problems. The ALJ also noted Plaintiff's July 2008 MRIs of the lumbar and thoracic spine as well as a December 2008 back x-ray. All of which resulted in mild or normal results. The ALJ cited to Plaintiff's emergency room visits in June and July 2009, wherein she was diagnosed with a cough and

10

bronchitis and treated with antibiotics. Although Plaintiff continued to complain of cough with chest tightness at that time, and x-rays, EKG and cardiac enzymes were negative.

The ALJ further indicates that he considered that Plaintiff underwent a Kinder procedure on the left foot, based on a MRI of her left in January 2010 showing mild posterior tibial paratendonities. (Tr. 12). The ALJ noted that and the treating podiatrist found no signs of infection and her ankle was healing as expected. (Tr. 12).

Furthermore, as detailed above, the ALJ also considered Dr. Kahn's 2008 assessment as well as the mental functional capacity assessment completed by Dr. Staskavich. (Tr. 16). The ALJ's RFC assessment also considered Plaintiff's testimony and reported daily activities. In light of the foregoing, the ALJ properly credited the findings of the state agency physicians because their findings were consistent with the overall record evidence.

The undersigned recognizes that if an ALJ credits non-examining source opinion who was without opportunity to review subsequent reports and records of consulting and treating physicians, the Sixth Circuit requires "some indication that the ALJ at least considered [the subsequent medical records] before giving greater weight to an opinion that is not based on a review of a complete case record." *Blakley*, 581 F.3d at 409. Thus, as long as an ALJ considers valid factors and his decision is supported by substantial evidence, an ALJ may appropriately give greater weight to the opinions of a non-examining consultant than to the opinion of even a treating physician. *See Blakley v. Commissioner of Social Security*, 581 F.3d 399, 409 (6th Cir. 2009) ("In appropriate circumstances, opinions from State agency medical ... consultants ... may be entitled to

greater weight than the opinions of treating or examining sources," quoting Soc. Sec. Rul. 96–6p, 1996 WL 374180, at *3 (July 2, 1996)). As detailed above, the ALJ engaged in the requisite narrative discussion of Plaintiff's RFC assessment - he described how the evidence supported such conclusions, he cited to specific medical facts, and he cited to nonmedical evidence, including Plaintiff's testimony and daily activities. (Tr. 14-16)

Where, as here, there is a conflict in the medical evidence as to plaintiff's functioning, it is the ALJ's function to resolve such conflicts. *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir.1994); *Hardaway v. Secretary of H.H.S.*, 823 F.2d 922, 928 (6th Cir.1987); *King v. Heckler*, 742 F.2d 968, 974 (6th Cir.1984). The ALJ's determination must stand if it is supported by substantial evidence regardless of whether the reviewing court would resolve the conflicts in the evidence differently. *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir.1983). *See also Boyle v. Sullivan*, 998 F.2d 342, 347 (6th Cir.1993); *Tyra v. Secretary of H.H.S.*, 896 F.2d 1024, 1028 (6th Cir.1990). Here, the ALJ was faced with conflicting evidence relating to Plaintiff's ability to perform work related activities. As outlined above, the ALJ's resolution of this conflict was done in accordance with agency regulations and controlling law and is supported by substantial evidence.

   *3. Plaintiff's Credibility and Subjective Complaints of Pain*

Plaintiff's final assignment of error asserts that the ALJ's credibility determination is not supported by substantial evidence. Specifically, Plaintiff asserts that the ALJ's

credibility assessment failed to comply with the requirements set forth in SSR 96-7p. Plaintiff's contentions are unavailing.

It is the province of the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant. *Rogers v. Commissioner of Social Sec.*, 486 F.3d 234, 247 (6th Cir. 2007) (citations omitted). In light of the Commissioner's opportunity to observe the individual's demeanor, the Commissioner's credibility finding is entitled to deference and should not be discarded lightly. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "If an ALJ rejects a claimant's testimony as incredible, he must clearly state his reasons for doing so." *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994). The ALJ's articulation of reasons for crediting or rejecting a claimant's testimony must be explicit and "is absolutely essential for meaningful appellate review." *Hurst v. Sec. of HHS*, 753 F.2d 517, 519 (6th Cir. 1985). In this regard, Social Security Ruling 96-7p explains:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

SSR 96-7p.

In addition, the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently

13

specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id*. The ALJ's credibility decision must also include consideration of the following factors: 1) the individual's daily activities; 2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. *See* 20 C.F.R. §§ 404.1529(c) and 416.929(c); SSR 96-7p.

While an ALJ may properly consider a Plaintiff's inconsistent statements and other inconsistencies in the record, the ALJ must also consider other factors listed in SSR 96-7p, and may not selectively reference a portion of the record which casts Plaintiff in a capable light to the exclusion of those portions of the record which do not. *See Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240-41 (6th Cir. 2002). Further, a credibility determination cannot be disturbed "absent a compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). Thus, it is proper for an ALJ to discount the claimant's testimony where there are contradictions among the medical records, his testimony, and other evidence. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d at 392.

14

Plaintiff asserts that the ALJ's credibility assessment failed to consider the consistent statements throughout the record, a function report (Tr. 211-19), her testimony at the hearing, and her daily activities. Upon close inspection, however, the undersigned finds that the ALJ properly considered the requisite factors in making her credibility determination.

Here, the ALJ determined that Plaintiff's complaints of disabling pain were inconsistent with the record. (Tr. 16). Notably, the ALJ summarized Plaintiff's testimony at the hearing at length and referenced her daily activities; noting that Plaintiff had regular contact with family and friends, attended church twice a week, did laundry, crocheted, quilted and watched television. (Tr. 12). The ALJ further noted that Plaintiff's reported that she was "doing very well" in November 2007 after knee surgery and she declined physical therapy because did not feel the need and would do it on her own. (Tr. 14). The ALJ also discussed that Plaintiff did not comply with diet restriction after her diagnosis of Type II diabetes and that she admitted not taking her medications regularly. (Tr. 15). Furthermore, as noted above, the ALJ also considered the objective evidence, including x-rays and MRI's that yielded mostly normal or mild findings.

Based on the foregoing, the undersigned finds that the ALJ's decision adequately sets forth the reasons for his credibility finding and shows he considered the required factors in determining plaintiff's credibility. See 20 C.F.R. § 416.929(c). In light of the ALJ's opportunity to observe plaintiff's demeanor, the ALJ's credibility finding is entitled to deference and should not be discarded lightly. *Kirk*, 667 F.2d at 538. *See also Cruse v. Commissioner*, 502 F.3d 532, 542 (6th Cir. 2007); *Walters v. Commissioner*,

127 F.3d 525, 531 (6th Cir. 1997); *Gaffney v. Bowen*, 825 F.2d 98, 101 (6th Cir.1987). Accordingly, the Court finds substantial evidence supports the ALJ's credibility finding in this matter.

### III. Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT**: 1) The decision of the Commissioner to deny Plaintiff DIB and SSI benefits be **AFFIRMED** because it is supported by substantial evidence in the record as a whole; and 2) As no further matters remain pending for the Court's review, this case be **CLOSED.**

    */s Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

PAULINE ELDRIDGE,

       Plaintiff,

  v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

Case No. 1:11-cv-723

Spiegel, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).